IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN DALE EMEORY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-01268-L (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Kevin Dale Emeory, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Emeory's petition.

I.

On April 26, 2017, a Kaufman County court sentenced Emeory to forty years' imprisonment after a jury found him guilty of possession with intent to deliver a controlled substance and he pleaded true to punishment enhancements for two prior felony convictions. *The State of Texas v. Kevin Dale Emeory*, Case Number 16-10310-86-F. The Texas Fifth Court of

1

Appeals affirmed the trial court's judgment. *Emeory v. State*, No. 15-17-00458-CR, slip op. (Tex. App. –Dallas 2018, no pet.).

Although the Texas Court of Criminal Appeals (CCA) granted Emeory an extension of time, until October 26, 2018, to file his petition for discretionary review (PDR), *Emeory v. State*, PD-0904-18 (Tex. Crim. App. 2018), Emeory did not file a PDR. *Id.* Instead, on November 16, 2018, Emeory filed a state application for writ of habeas corpus. The CCA dismissed his application on September 25, 2019, because the mandate had not yet issued when he filed his application. Thereafter, on October 29, 2019, Emeory filed a second state application for writ of habeas corpus, which was denied by the CCA without a written order on January 29, 2020.

On May 1, 2020, Emeory filed his *pro se* § 2254 petition (ECF No. 3) in this Court. In his petition, Emeory argues:

(1) The trial court abused its discretion when it failed to declare a mistrial;

(2) His trial attorney provided ineffective assistance when he failed to:

   a. recognize that filing an extraneous offense motion was done to "sway" the jury, Pet. 6 (ECF No. 3),

   b. recognize the video was brought into evidence by the prosecutor, and all arguments in support of admitting the video should have been considered "on the initial in limine filed," *id.* 8,

   c. admit the video into evidence,

      d.  question his codefendant about the purpose of the direct traffic stop.

(3) He was denied his Sixth Amendment right to present a witness for his defense without fear of retaliation from the State;

(4) His Fourth Amendment "search and seizure" rights were violated when he was denied the right to challenge the "illegal search", *id*. 9; and

(5) His constitutional rights under the Fifth, Sixth, and Fourteenth Amendments were violated because he is "actually innocen[t] of the charged offense." *Id*. 14.

Respondent filed an answer arguing that Emeory's petition should be dismissed with prejudice because his claims are time-barred. Additionally, his fourth and fifth claims are not cognizable on federal habeas review. Emeory filed a reply. His claims are thus fully-briefed and ripe for determination.

## II.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

expired. 28 U.S.C. § 2244(d)(1)(A).[1] Here, Emeory has failed to demonstrate that any other provision of § 2244(d)(1) is applicable to his case. The CCA extended Emeory's deadline for filing his PDR to October 26, 2018. However, he did not file a PDR, and his conviction became final on October 26, 2018. *See Emeory*, PD-0904-18 (Notice PDR Expired); *see also Brown v. Thaler,* 455 F. App'x 401, 405 (5th Cir. 2011) (when a petitioner elects not to file a PDR, his conviction becomes final under the AEDPA "when the time for seeking further direct review expired," thirty days after the intermediate court enters judgment) (quoting *Roberts v. Cockrell,* 319 F.3d 690, 694–95 (5th Cir. 2003) and citing Tex. R. App. P. 68.1, 68.2(a) (a petitioner may seek

---

[1] The statute provides that the limitations period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

review in the CCA by filing a PDR within thirty days after the intermediate court enters judgment)).

Emeory then had one year to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). Because October 26, 2019, was a Saturday, the filing date was automatically extended to the following Monday, until October 28, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C). But Emeory did not file his petition in this Court until May 1, 2020, *more than six months* after the deadline expired. Emeory's petition is therefore untimely.

A properly-filed state habeas application generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *see also Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). Emeory filed his first state habeas application on November 16, 2018, but it was dismissed on September 25, 2019 because the mandate had not issued when he filed his application. The first state habeas application did not toll the limitations period because it was not properly filed. *See Larry v. Dretke*, 361 F.3d 890, 894-96 (5th Cir. 2004) (a state

5

habeas application filed before the mandate issues or is otherwise non-compliant is not "properly filed").

Likewise, Emeory's second state habeas application did not toll the limitations period because it was not filed until October 29, 2019, one day after the limitations period had expired. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *see Stokes v. Davis*, 2018 WL 11360272, at *1 (5th Cir. July 25, 2018) (The district court found that the petitioner's state habeas applications were filed one day after the limitations period expired, and there was no statutory tolling under 28 U.S.C. § 2244(d)(2). The Fifth Circuit found that the district court's dismissal on timeliness was not debatable and denied a certificate of appealability.); *see also Taylor v. Sec'y, Dep't of Corrs.*, 230 F. App'x 944, 944-45 (11th Cir. July 25, 2007) (per curiam) (a state habeas application filed just one day late does not toll the federal limitations period).

The time for Emeory to file federal habeas petition expired on October 28, 2019, and he is not entitled to statutory tolling.

B.

The one-year limitation period also is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

6

tolling") (quoting *Davis, 158 F.3d at 811*). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999)*, *abrogated on other grounds by Causey v. Cain, 450 F.3d 601, 605-06 (5th Cir. 2006)*. A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000)*.

Emeory's § 2254 petition form includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 17 (ECF No. 3). He responded: "I am within the statute of limitation under AEDPA." *Id.* Emeory failed to make any argument in support of equitable tolling. He also failed to demonstrate that his case is "rare and exceptional." *See Davis, 158 F.3d at 811*. Emeory does not suggest that he was actively misled about the cause of action or prevented in some extraordinary way from asserting his rights. *See Coleman, 184 F.3d at 402*.

In sum, Emeory fails to identify any basis for applying equitable tolling, and the Court is otherwise unaware of any reason for doing so. *See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)* ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those

7

bringing a § 2254 claim."); *Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)* (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

C.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[2] *McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)*. A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Emeory argues that he is "actually innocen[t] of the charged offense." Pet. 14 (ECF No. 3). He admits there was an outstanding warrant for him on the night of his arrest, but he contends he was only a passenger in vehicle stopped by police that night. *Id.* Emeory further contends that he "had no knowledge of any contraband or drugs that were found in the vehicle he was a passenger in, and the money he had in his possession was to post bail upon turning himself in." *Id.*

---

[2] *House v. Bell, 547 U.S. 518 (2006)*; *Schlup v. Delo, 513 U.S. 298 (1995)*.

Emeory fails to come forward with "new evidence" or an argument demonstrating that "no reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at 386. And his arguments in support of actual innocence are not compelling. For these reasons, Emeory has failed to demonstrate that actual innocence serves as a gateway through which his time-barred petition can pass. Emeory's petition is time-barred, and the Court should dismiss his petition with prejudice.

### III.

Emeory's fourth and fifth claims are not cognizable on federal habeas review.

### A.

In his fourth claim, Emeory argues that the search and seizure underlying his conviction violated his Fourth Amendment rights. Pet. 9 (ECF No. 3). Specifically, he contends that Officer Spoon did not have authorization to conduct the search. *Id.* Emeory further contends that Officer Spoon's actions were "questionable under state and federal law." *Id.* 13.

Emeory's Fourth Amendment claims are not cognizable on federal habeas review because he had the opportunity to raise such claims before the trial court, on appeal, and on state habeas review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may

not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnotes omitted). Consequently, Emeory's fourth claim is not cognizable on federal habeas review, and the Court should dismiss it with prejudice.

In addition, even if Emeory's fourth claim was cognizable on federal habeas review, it would be time-barred for the same reasons his first, second, and third claims are untimely. Emeory's fourth claim regarding the allegedly illegal search was discoverable by him at the time his conviction became final on October 26, 2018.

B.

Emeory argues in his fifth claim that he is actually innocent of the charged offense. Pet 14 (ECF No. 3). He further argues that he knew there was an outstanding warrant for his arrest, but he had no knowledge regarding the drugs found in the vehicle where he was riding as a passenger. *Id.*

Emeory's stand-alone claim of actual innocence fails because it is not a ground for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also Reed v. Stephens*, 739 F.3d 753, 766-68 (5th Cir. 2014); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006);

*Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). Moreover, the burden of demonstrating actual innocence is extraordinary. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In fact, "in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* at 324. Emeory's actual innocence claim is not cognizable on federal habeas review, and the Court should dismiss it.

Last, even if Emeory's fifth claim were cognizable on federal habeas review, it would be time-barred for the same reasons his other claims are untimely. His actual innocence claim was discoverable at the time his conviction became final on October 26, 2018. And as discussed, Emeory has not stated a viable actual innocence gateway claim to overcome the fact that his petition is time-barred.

## IV.

The District Court should DISMISS with prejudice Emeory's *pro se* petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d).

Signed October 20, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](#); [F<small>ED</small>. R. C<small>IV</small>. P. 72(b)](#). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,](#)* 79 F.3d 1415, 1417 (5th Cir. 1996).