IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEVIN DALE EMEORY,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:20-CV-1268-L-BT** |
| § | |
| **BOBBY LUMPKINS, DIRECTOR**, § | |
| § | |
| § | |
| Respondent. § | |

## ORDER

On October 20, 2022, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12), recommending that the court dismiss with prejudice pro se Petitioner Kevin Dale Emeory's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3). The Report recommends dismissal because Petitioner failed to file his federal habeas petition within the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs the time for state petitioners to seek federal habeas relief. Doc. 12 at 3-5. The Report also concludes that Petitioner has not provided facts showing an entitlement to statutory or equitable tolling. *Id*. at 5-8. Further, the Report finds that Petitioner failed to provide new evidence or an availing argument for actual innocence, and finally, his claims under the Fourth Amendment and for actual innocence are not cognizable on federal habeas review. *Id*. at 8-11.

Petitioner filed objections to the Report, asserting that the Report's findings and conclusions are incorrect because he filed his federal habeas petition only one day after the statutory deadline, and he should be granted equitable tolling because his petition in the instant

case was delayed by the Texas Fifth Court of Appeals denial of his claim, which took more than ten months. Doc. 13 at 1-3, 4-5. Petitioner also objects to the portions of the Report that address the merits of his actual innocence and Fourth Amendment claims after finding those claims are procedurally barred. *Id*. at 4.

Having reviewed the petition, file, record in this case, Report, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Petitioner mistakenly argues that the statute of limitations for his *federal* habeas petition was satisfied when he filed his state habeas petition; that assertion, however, misunderstands the federal habeas petition process. Petitioner had, under the AEDPA, one year to file his federal habeas petition from the date his conviction was final. Here, that time expired on October 28, 2019, one year after the deadline to file his petition for discretionary review with the Texas Court of Criminal Appeals expired. Because Petitioner filed his federal habeas petition on May 1, 2020, he failed to timely file and is thus barred. Further, Petitioner does not provide any factual support for the court to apply equitable tolling for the six-month delay.

Further, Petitioner's objection to the Report's discussion of the merits of his Fourth Amendment and actual innocence claims is irrelevant. The Report first determined that those claims were not cognizable in a federal habeas petition, and then it discussed the failings of the merits of the claims. Because the Report already determined that Petitioner did not have a right to relief on those claims, he is not prejudiced or affected in any way by the Report's discussion of the merits. For these reasons, the court **overrules** Petitioner's Objections.

Accordingly, the court **denies** Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3) for failing to show a right to relief, and the court **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 30th day of December, 2022.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**